IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Steven Hewitt, | ) | C/A No. 0:12-666-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Eddie Morris, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff Steven Hewitt ("Hewitt"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is again before the court on the plaintiff's motions for default judgment and supplements thereto filed at the direction of the court. (See ECF Nos. 21, 27, 34, 39.) Hewitt appears to have responded to the court's prior orders to the best of his abilities and states that this matter may be resolved on his submissions.

### DISCUSSION

As noted above, default has been entered against Defendant Morris; therefore, the court accepts Hewitt's well-pleaded factual allegations as true. See DIRECTV, Inc. v. Rawlins, 523 F.3d 318, 322 n.2 (4th Cir. 2008) (citing Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001)). Hewitt filed this action pursuant to 42 U.S.C. § 1983. In his Complaint, Hewitt alleges that the defendant violated his First Amendment right to freely exercise his religion—International Society of Krishna Consciousness. Specifically, Hewitt claims that beginning around September 2011, Defendant Eddie Morris, Senior Chaplain, denied Hewitt's requests for Vaisnavism (Krishna Consciousness) services and religious materials. (See ECF No. 1 at 5.) He also alleges that the defendant's predecessor repeatedly denied Hewitt's requests for services and religious materials



beginning in January of 2011. (Id. at 3-5.) Hewitt alleges that the defendant denied his request because Hewitt's religion is not recognized by the South Carolina Department of Corrections ("SCDC") and essentially thwarted Hewitt's attempts to have services and materials made available at his facility. (Id. at 6.) Finally, Hewitt alleges that the defendant has discriminated against him because of his religion.

Hewitt seeks the following:

[1.] A declaration that the acts and omissions described [in Hewitt's Complaint] violated Plaintiff's rights under the Constitution and laws of the United States.
[2.] A preliminary and permanent injunction ordering defendant Eddie Morris to discontinue denying Plaintiff's Freedom to practice his religion under the Free Exercise Clause of the First Amendment, and to discontinue to discriminate against Plaintiff and treat him poorly because of his religion, under the protection of the Fourteenth Amendment.
[3.] Compensatory damages in the amount of $15,000 against the defendant.
[4.] Punitive damages in the amount of $25,000 against the defendant.
[5.] A jury trial on all issues triable by jury[.]
[6.] Plaintiff's cost in this suit[.]
[7.] Any additional relief this court deems just, proper, and equitable.

(Compl., ECF No. 1 at 10.)

Although the court accepts Hewitt's well-pleaded factual allegations as true, the court must determine whether the unchallenged factual allegations constitute a legitimate cause of action and support the relief sought in the action. Ryan, 253 F.3d at 780-81; see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2688 at 63 (3d ed. 1998) ("Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). Further, "[o]nce the court determines that a judgment by default should be entered, it will



determine the amount and character of the recovery that should be awarded." 10A Wright, Miller & Kane, supra, § 2688 at 63.

In this case, the court finds that Hewitt's well-pleaded factual allegations state a cause of action to the extent that he alleges that the defendant violated his constitutional rights by denying him reasonable opportunities to practice his religion. See Pell v. Procunier, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system"); see also Cruz v. Beto, 405 U.S. 319, 322 n.2 (1972) (*per curiam*) ("A special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of the demand. But reasonable op[p]ortunities must be afforded to all prisoners to exercise the religious freedom guaranteed by the First and Fourteenth Amendment without fear of penalty.").

However, to the extent that Hewitt seeks monetary damages from the defendant in his official capacity, Defendant Morris is immune from suit in this court.[1] The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Sovereign immunity protects

---

[1] The court finds there is no need for an evidentiary hearing on the issue of damages based on Hewitt's statement that he believes that this matter may be decided on his submissions and the lack of any indication that any evidence exists supporting his claim for damages. See Fed. R. Civ. P. 55(b)(2) ("The Court may conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (c) establish the truth of any allegation by evidence; or (D) investigate any other matter."); Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998) ("[I]n some circumstances a district court entering a default judgment may award damages ascertainable from the pleadings without holding a hearing.").



both the State itself and its agencies, divisions, departments, officials, and other "arms of the State." See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). As arms of the state, they are entitled to sovereign immunity and cannot constitute "persons" under § 1983 in that capacity. Will, 491 U.S. at 70-71; see also Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139 (1993) (stating that absent waiver of Eleventh Amendment immunity, "neither a State nor agencies acting under its control may be subject to suit in federal court") (quotations and citations omitted). Although a State may waive sovereign immunity, Lapides v. Board of Regents, 535 U.S. 613 (2002), the State of South Carolina has specifically denied this waiver for suit in federal district court. See S.C. Code Ann. § 15-78-20(e). Accordingly, to the extent the defendant is sued in his official capacity, he is immune from suit. Will, 491 U.S. at 70-71; see also Quern v. Jordan, 440 U.S. 332, 343 (1979) (recognizing that Congress did not override the Eleventh Amendment when it created the remedy found in 42 U.S.C. § 1983 for civil rights violations).

With regard to Hewitt's request for injunctive relief against the defendant, in light of Hewitt's statement that the defendant is no longer employed with SCDC, the court finds that such relief is moot. Further, the court finds that Hewitt has failed to demonstrate and support in any manner his claims for monetary damages against the defendant in his individual capacity. Therefore, these requests for relief should be denied as well. To the extent that Hewitt seeks additional relief in his

*PJG*

recent filings, the court observes that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

## RECOMMENDATION

Accordingly, the court recommends that judgment be entered for the plaintiff for nominal damages in the amount of $1.00. The court further recommends that Hewitt be awarded his costs associated with the filing of this action. Finally, the court recommends denying the other relief sought by Hewitt in his Complaint.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 20, 2012
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).